On UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| MASIMO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND<br>BORDER PROTECTION; *et al*.<br><br>    Defendants. | Case No.: 1:25-cv-2749-ACR |

**JOINT REPORT REGARDING BRIEFING AND HEARING SCHEDULE**

On August 20, 2025, the Court ordered the parties to meet and confer regarding a briefing and hearing schedule on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and to enter a proposed schedule by 1:00 p.m. ET on August 21, 2025. The Court also ordered the parties to include a proposed schedule for any briefing regarding Plaintiff's motions to seal. The parties met and conferred on August 21, 2025. The parties were unable to come to an agreement on the proposed schedule and therefore propose the competing schedules set forth below. Regarding Plaintiff's motion to seal, Plaintiff will re-submit its sealing papers on August 22, 2025, per the Court's order, if warranted.

*Plaintiff's Position*:

| Filing | Deadline |
|---|---|
| Plaintiff's motion to seal, if necessary | Friday, August 22, 2025 at 10:00 a.m. ET |
| Defendants' opposition to Plaintiff's motion for TRO and PI | Friday, August 22, 2025 at 12:00 p.m. ET |
| Plaintiff's reply in support of its motion for TRO and PI | Monday, August 25, 2025 at 10:00 a.m. ET |

| Hearing on Plaintiff's motion for TRO and PI | Monday, August 25, 2025 after 12:00 p.m. ET or Tuesday, August, 26, 2025 before 12:00 p.m. ET |
|---|---|
| Defendants' opposition to Plaintiff's motion to seal, if necessary | Wednesday, August 27, 2025 at 12:00 p.m. ET |
| Plaintiff's reply in support of its motion to seal, if necessary | Friday, August 29, 2025 at 12:00 p.m. ET |

For the reasons stated in Plaintiff's motions, Plaintiff seeks expedited relief in the form of a TRO; Defendant's proposed schedule would all but moot the temporal aspect of the requested relief. As reflected in the attached documents, Plaintiff's counsel tried in earnest to schedule a meet and confer with Defendants' counsel to negotiate a mutually agreeable proposed schedule. *See generally* Attachment 1; Attachment 2. Plaintiff's counsel sent a proposed schedule to Defendants' counsel on August 20, 2025. Defendants' counsel did not respond with their own proposed schedule until one hour before this joint report was due, at 11:41 a.m. ET on August 21, 2025.

Counsel for both parties spoke over the phone at 12:00 p.m. ET on August 21, 2025. Plaintiff's counsel expressed that Plaintiff was amenable to a standstill agreement that would afford Defendants additional time for their response, provided only that Defendants agree to restore the status quo—i.e., restore CBP's January 2025 ruling—excluding Apple's watches used to infringe Masimo's patents in the proposed watch-plus-phone combination—and pause application of the CBP's August 2025 Ruling during the pendency of this expedited litigation. Attachment 1. Defendants declined that proposal. Contrary to Defendants' position statement, Plaintiff's in no way conditioned reasonable compromise on a standstill agreement. But Defendants provided no proposal towards, or meaningful opportunity to discuss, a modest expansion of time for their response—until Monday, August 25, for example—still consonant with Plaintiff's need for expedited relief.

Plaintiff respectfully asks the court to adopt its proposed schedule, which is consistent with the Court's order and reflects the urgency of Plaintiff's motion for TRO and PI.

***Defendants' Position:***

Defendants respectfully submit the following briefing schedule:

| PROPOSED DATE | FILING(S) |
|---|---|
| August 22, 2025 at 10:00 am | Plaintiff's Motion to Seal |
| August 27, 2025 | Motions to Intervene |
| August 29, 2025 | Oppositions to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and Plaintiff's Motion to Seal<br><br>Defendants' Motion to Dismiss<br><br>Oppositions to Motions to Intervene |
| September 5, 2025 | Plaintiff's Reply in Support of its Motion for a Temporary Restraining Order and Preliminary Injunction and its Motion to Seal<br><br>Plaintiff's Response in Opposition to Defendants' Motion to Dismiss<br><br>Replies in Support of Motions to Intervene |
| September 12, 2025 | Defendants' Reply in Support of its Motion to Dismiss |
| September 16, 2025 | Hearing on All Pending Motions |

Although the parties met and conferred regarding their proposed briefing schedules, plaintiff would not agree to allow defendants more than a day to respond unless they "agree[d] in the interim to restore CBP's January 2025 ruling and resume enforcing the exclusion by its terms." Briefing need not occur at the breakneck pace that plaintiff proposes.

First, as will be explained in defendants' briefing, this Court lacks jurisdiction for the reasons stated in *Wirtgen America, Inc. v. United States*, 443 F. Supp. 3d 198, 210–14 (D.D.C.

3

2020) (citing *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994)).  That is, the exclusive avenue for review of plaintiff's claims is through the U.S. International Trade Commission (ITC)—the agency that issued the limited exclusion order at issue in this case—and direct appeal to the Federal Circuit.  *Id.* ("[T]o the extent that Wirtgen is effectively challenging whether the exclusion order encompasses the redesigned articles or the Commission's authority to issue such an order, the Court agrees with the Government that those claims belong with the ITC and the Federal Circuit.").  Nor can plaintiff circumvent the ITC and the Federal Circuit by couching its claims in APA and constitutional terms—the relief it ultimately seeks is enforcement of the ITC's limited exclusion order.  *Id.* at 213.

Second, plaintiff fails to explain how the extraordinary relief of a temporary restraining order is necessary to avoid irreparable harm in the 14 days for which the order would last.  Fed. R. Civ. P. 65(b).  Plaintiff has not provided any declarations to demonstrate actual irreparable harm.  But for a temporary restraining order to issue, such harm "must be both certain and great; it must be actual and not theoretical."  *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quotation omitted).  Plaintiff mentions theoretical temporary harms to their "negotiating position" and the purported difficulty of obtaining damages from Apple.  This "temporary loss of income," if true, is no reason to issue a temporary restraining order, *Sampson v. Murray*, 415 U.S. 61, 90 (1974), let alone the compressed briefing schedule that plaintiff proposes.

For these reasons, briefing should occur on the expedited schedule that defendants propose.

4

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 21, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|  | */s/ Derek L. Shaffer* <br> Derek L. Shaffer (Bar No. 478775) <br> 1300 I Street NW, Suite 900 <br> Washington, DC 20005 <br> Tel.: (202) 538-8000 <br> Fax: (202) 538-8100 <br> derekshaffer@quinnemanuel.com |
|  | Michael E. Swartz (*pro hac vice*) <br> Matthew A. Traupman (*pro hac vice*) <br> Samuel P. Nitze (*pro hac vice*) <br> 295 5th Avenue, 9th Floor <br> New York, New York 10016 <br> Tel: (212) 849-7000 <br> Fax: (212) 849-7100 <br> michaelswartz@quinnemanuel.com <br> matthewtraupman@quinnemanuel.com <br> samuelnitze@quinnemanuel.com |
|  | Steven C. Cherny (*pro hac vice*) <br> 111 Huntington Ave, Suite 520 <br> Boston, MA 02199 <br> Tel: (617) 712-7100 <br> Fax: (617) 712-7200 <br> stevencherny@quinnemanuel.com |
|  | *Counsel to Masimo Corporation* |
|  | BRETT A. SHUMATE <br> Assistant Attorney General |
|  | PATRICIA M. McCARTHY <br> Director |
|  | By:  /s/ Justin R. Miller <br>         JUSTIN R. MILLER <br>         Attorney-In-Charge <br>         International Trade Field Office |
|  | GUY EDDON |

5

                EDWARD KENNY
                MONICA TRIANA
                LUKE MATHERS
                Civil Division
                U.S. Department of Justice
                26 Federal Plaza, Room 346
                New York, NY 10278
                Tel. (212) 264-9241
                Fax (212) 264-1916
                justin.r.miller@usdoj.gov

                *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on this 21st day of August, 2025, I will cause to be served a true and correct copy of this document on all parties of record via CM/ECF.

Dated: August 21, 2025

                                            */s/ Derek L. Shaffer*
                                            Derek L. Shaffer (Bar No. 478775)