**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MASIMO CORPORATION.

Plaintiff,

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION *et al.*

Defendants.

Civil Action No. 1:25-cv-02749-ACR

**MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF THE UNITED STATES INTERNATIONAL TRADE COMMISSION'S MOTION FOR LEAVE TO INTERVENE AS A PARTY DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 24(a)(2) and Local Rule 7(j) of this Court, the U.S. International Trade Commission ("the Commission" or "ITC") respectfully moves for leave to intervene in this matter as a party-defendant as of right or, in the alternative, permissively under Rule 24(b)(2).

The Commission intends to file a motion to dismiss (in lieu of responsive pleading pursuant to Rule 24(c)) on Wednesday, August 27, 2025, in accordance with the schedule set forth in this Court's Order of August 21, 2025. Specifically, the Commission believes that this Court lacks jurisdiction to review the scope of the Commission's exclusion order, or otherwise to order the exclusion of the merchandise at issue here pursuant to the Commission's exclusion order. In the alternative, the Court should respect the Commission's primary jurisdiction concerning the enforcement of its exclusion order.

The Commission has a significant interest in defending against Plaintiff's interpretation of the scope and effect of the Commission's exclusion order in this case. In addition, the Commission has a significant interest in the lawful and orderly judicial review of its exclusion

orders, particularly with respect to the proper jurisdiction (*i.e.*, the Federal Circuit) and the proper time (*i.e.*, after exhaustion of the available administrative remedies). Disposing of the present action without the Commission's intervention would impair the Commission's ability to protect its interests.

The existing defendants would not adequately represent the Commission's interests. The Commission has independent litigating authority, *see* 19 U.S.C. § 1333(g), and counsel for the existing defendants do not represent the Commission, and are not as familiar as the Commission itself is with the Commission processes and procedures that the Commission submits are required for administrative exhaustion. Thus, the Commission respectfully requests leave to intervene as of right under Rule 24(a)(2). In the alternative, the Commission should be permitted to intervene under Rule 24(b)(2) because it is the government agency that issued the limited exclusion order that Plaintiff seeks to interpret and enforce.

## I. BACKGROUND

### A. The United States International Trade Commission

The United States International Trade Commission is a nonpartisan agency composed of Commissioners appointed by the President. *See* 19 U.S.C. § 1330(a). For more than a century, the Commission has been charged with investigating "unfair methods of competition and unfair acts in the importation of articles." Tariff Act of 1922, Pub. L. No. 318, § 316, codified as reenacted and amended at 19 U.S.C. § 1337 ("section 337"). Since 1975, that function has been accomplished through formal adjudication under the Administrative Procedure Act, *see* 5 U.S.C. §§ 554, 556-557, in more than one thousand investigations alleging violations of section 337 (nearly all of which allege patent infringement). *See* 19 U.S.C. § 1337(c); *see also* 19 U.S.C. § 1337(a)(1)(B) (patent infringement). The Commission's six administrative law judges ("ALJ")

adjudicate only section 337 investigations; and are widely recognized as experts in adjudicating patent infringement disputes. The ALJs and Commissioners themselves are supported by a cadre of experienced patent law practitioners, many of whom are registered with the U.S. Patent and Trademark Office.

The Commission's rules of practice for section 337 investigations, 19 C.F.R. Part 210, are analogous to the rules that this Court would follow were it conducting a bench trial on patent infringement (with some differences given the specialized nature of Commission investigations).

Section 337 investigations proceed in two parts: first, before an ALJ for an evidentiary hearing and a final initial determination; and second, before the Commission itself for review of the ALJ's determination. If the Commission finds a violation of section 337, *i.e.*, that the asserted patents are infringed and not invalid, the Commission will typically issue an exclusion order (general or limited) barring the importation of the infringing articles, 19 U.S.C. § 1337(d), and/or a cease and desist order to bar further infringement in connection with the imported articles, *id.* at § 1337(f) (collectively, "the remedial orders"). After termination of the investigation, parties can rely on statutory and regulatory provisions to request review, including modification or enforcement, of the Commission's remedial orders. *See id.* at § 1337(k) (modification proceedings); 19 C.F.R. § 210.76 (modification proceedings); *id.* at § 210.75 (enforcement proceedings); *id.* at § 210.79 (advisory opinions).

**B. <u>The Underlying Commission Investigation</u>**

In the underlying investigation, which commenced on August 18, 2021, the complainant (*i.e.*, the patentee) Masimo Corp. accused Apple Watch Series 6 and 7 of infringing several patents including U.S. Patent No. 10,912,502 ("the '502 patent") and U.S. Patent No. 10,945,648 ("the '648 patent") related to pulse oximetry sensing and processing. 86 Fed. Reg. 46275–76

(Aug. 18, 2021). On January 10, 2023, the Commission's presiding ALJ found, in a 337-page opinion, that the subject watches infringed certain of the asserted patent claims. *Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276, Final Initial Determination on Violation of Section 337, 2023 WL 1965994 (Jan. 10, 2023). Following additional briefing by the parties to the Commission, the Commission found that Apple violated section 337 as to claims 22 and 28 of the '502 patent and claims 12, 24, and 30 of the '648 patent and issued a limited exclusion order and cease and desist order. Notice, 88 Fed. Reg. 75032, 75032–33 (Nov. 1, 2023). The Commission's notice and remedial orders were accompanied by the Commission's 123-page opinion on the matter. *Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276, Comm'n Op., 2023 WL 8109999 (Nov. 14, 2023).

Notably, the Commission can only issue remedial orders after concluding that the public interest (as defined in section 337) does not preclude it. *See* 19 U.S.C. § 1337(d)(1), (f)(1). Apple's iPhone was not at issue in the Commission investigation, and the Commission concluded that the public interest did not preclude remedial orders as to the subject Apple Watches. Comm'n Op., 2023 WL 8109999, at *43-72. Following a 60-day period of Presidential review by the U.S. Trade Representative and the White House, *see* 19 U.S.C. § 1337(j), the Commission's remedial orders took effect.

Apple appealed the Commission's findings to the United States Court of Appeals for the Federal Circuit. *Apple Inc. v. ITC*, No. 24-1285 (Fed. Cir.). On July 7, 2025, the Federal Circuit heard oral argument in that appeal, and in related appeals from the Patent Trial and Appeal Board. The Federal Circuit's decision is forthcoming.

## II. LEGAL STANDARDS

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides for intervention as of right for "anyone … who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See* Fed. R. Civ. P. 24(a)(2). In addition, Rule 24(b)(2) provides for permissive intervention of "a federal or state governmental officer or agency … if a party's claim or defense is based on … any regulation, order, requirement, or agreement issued or made under the statute or executive order." *See* Fed. R. Civ. P. 24(b)(2).

As this Court explained, "the right to intervene under Rule 24(a) depends on the applicant's ability to satisfy four factors: (1) the timeliness of the motion to intervene; (2) whether the applicant claims an interest relating to the property or transaction that is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." *100Reporters LLC v. U.S. Dep't of Justice*, 307 F.R.D. 269, 274 (D.D.C. 2014) (Contreras, J.) (citing *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) and *Jones v. Prince George's Cnty., Md.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003)). This Court previously granted the Commission's motion to intervene as of right under similar circumstances. *See Wirtgen Am., Inc. v. United States*, 443 F. Supp. 3d 198, 209 (D.D.C. 2020).

Alternatively, the Court has discretion to grant permissive intervention under Rule 24(b)(2) where "a party's claim or defense is based on … any regulation, order, requirement, or agreement issued [by a government agency] or made under the statute or executive order." *See*

Fed. R. Civ. P. 24(b)(2); *In re First Databank Antitrust Litig.*, 205 F.R.D. 408, 414 (D.D.C. 2002) (Jackson, J.). The Court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

## III. ARGUMENT

The Commission satisfies the standard for intervention as of right under Rule 24(a)(2). *See 100Reporters*, 307 F.R.D. at 274. Alternatively, the Commission should be permitted to intervene under Rule 24(b)(2) because Masimo's claim is based on the limited exclusion order issued by the Commission in the underlying investigation and the requested intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See In re First Databank Antitrust Litig.*, 205 F.R.D. at 414.

### A. <u>The Commission Has a Right to Intervene Under Rule 24(a)(2).</u>

The Commission satisfies all four factors for intervention as of right under Rule 24(a)(2). *See 100Reporters*, 307 F.R.D. at 274.

As to the first factor, the Commission's motion to intervene is timely and is filed less than a week after the complaint was filed. The Commission will file its motion to dismiss and opposition to Masimo's motion for a TRO and preliminary injunction on August 27, 2025, in accordance with the Court's August 21, 20205, scheduling order.

As to the second factor, the Commission has a cognizable "interest relating to the … transaction that is the subject of this action," as required by Rule 24(a)(2). Masimo's action is indisputably about the scope of the exclusion order issued by the Commission. Masimo contends that "CBP effectively nullified the ITC's" exclusion order, and that CBP has "create[d] loopholes that render" ITC orders "ineffective." Compl. ¶ 6. Masimo likewise seeks to have this Court "enforce the ITC's exclusion order as properly interpreted." *Id.* ¶ 7. Masimo recognizes

that "the ITC has *exclusive authority* to determine whether imported articles infringe valid and enforceable U.S. patents and to issue exclusion orders prohibiting the importation of infringing products." *Id.* ¶ 79 (emphasis added).

Masimo's submissions pay scant attention to the fact that the Commission itself enforces alleged violations of its exclusion orders and cease and desist orders. The relationship between the ITC and CBP is not, as Masimo suggests, the passing of a baton whereby ITC involvement stops and CBP involvement commences. Rather, the ITC and CBP share enforcement responsibilities. The ITC routinely conducts what it calls ancillary proceedings in connection with redesigned articles. The ancillary proceedings include enforcement proceedings to enforce exclusion orders and cease and desist orders, such as those here. 19 C.F.R. § 210.75; *see* 19 U.S.C. § 1337(f)(2) (civil penalties for violation of Commission cease and desist orders). The proceedings also include modification proceedings, where the Commission modifies the scope of its orders to include or exclude a redesigned article. 19 C.F.R. § 210.76; *see* 19 U.S.C. § 1337(k). The Commission also issues advisory opinions. 19 C.F.R. § 210.79. Masimo admits that Commission determinations under any of these processes trumps any decision by CBP. Compl. ¶ 82 (recognizing that "determinations of the Commission resulting from … a related proceeding under 19 C.F.R. Part 210 are binding authority on CBP and, in the case of conflict will by operation of law modify or revoke any contrary CBP ruling or decision pertaining to Section 337 exclusion orders.") (quotation and citation omitted). The Commission has institutional interests in the scope of CBP's enforcement and the relationship between that enforcement and the Commission's own authority to enforce its orders.

In addition, the Commission has a significant interest in the lawful and orderly judicial review of its exclusion orders. As will be discussed in more detail in the Commission's

forthcoming papers, Congress has channeled such review of Masimo's grievance through the Commission directly to the Federal Circuit. 19 U.S.C. § 1337(c); 28 U.S.C. § 1295(a)(6). Masimo's attempt to circumvent such review by relying in this Court upon the Administrative Procedure Act or the Constitution, is precluded by *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 214 (1994) and its progeny. As this Court recognized in *Wirtgen America, Inc. v. United States*, 443 F. Supp. 3d 198 (D.D.C. 2020), the "International Trade Commission/Federal Circuit Roadway" controls, and proceedings by parties aggrieved by CBP's determinations are inappropriate in this Court. *Id.* at 210-14. That remains true regardless of the availability of proceedings in the Court of International Trade. *Id.* at 216 ("The upshot of the Court's reading would be that a decision by Customs made pursuant to the *Commission's* determination of a Section 337 violation, *i.e.*, an exclusion order, may not be the subject of an administrative protest before Customs," and would thereby not be subject to the trade court's jurisdiction.).

As to the third factor, the Commission's interests in the effective enforcement and interpretation of its exclusion order and in the fair and orderly administration of its ancillary proceedings framework would be significantly impaired or impeded if the Commission is not allowed to intervene and Masimo's action is allowed to proceed. The relief Masimo seeks, if granted, would permit Masimo to bypass the judicial review available at the Federal Circuit and to bypass administrative procedures available at the Commission, which Masimo could have, but did not, commence.

With respect to the fourth factor, the Commission has independent litigating authority, *see* 19 U.S.C. § 1333(g), and existing defendants are less familiar with Commission law, Commission practice, the Federal Circuit's authority as to the exclusion of goods pursuant to Commission orders, and the underlying facts of the Commission investigation under review.

Accordingly, the Commission does not believe that its interests in enforcing and modifying its exclusion orders will be adequately represented by the other parties.

### B. The Commission Should Also Be Permitted to Intervene Under Rule 24(b)(2).

In the alternative, the Commission should be permitted to intervene pursuant to Rule 24(b)(2). The Commission issued the limited exclusion order pursuant to its exclusive statutory authority under section 337, 19 U.S.C. § 1337. Thus, Masimo's claim is based on an order issued by the Commission under its statutory authority, in accordance with Rule 24(b)(2).

The Commission's motion to intervene is also timely and will not unduly delay or prejudice adjudication of Masimo's claims. Thus, if this Court determines that the Commission does not have a right to intervene under Rule 24(a)(2), the Court should exercise its discretion and permit the Commission to intervene in this action under Rule 24(b)(2).

## IV. CONCLUSION

The Commission respectfully requests leave to intervene, either as a matter of right under Rule 24(a)(2) or permissively under Rule 24(b)(2).

Dated: August 26. 2025

Respectfully submitted,

Sidney A. Rosenzweig
D.C. Bar No. 460778

By: /s/ Sidney A. Rosenzweig
Sidney A. Rosenzweig
U.S. International Trade Commission
500 E. Street SW
Washington, D.C. 20436
Email: sidney.rosenzweig@usitc.gov
Phone: (202) 708-2532

*Counsel for the United States International Trade Commission*

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2025, I caused a copy of this document to be served via the Court's CM/ECF system upon counsel of record.

/s/ Sidney A. Rosenzweig
Sidney A. Rosenzweig
Counsel for the United States International Trade Commission