IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASIMO CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; ALICE KIPEL, in her official capacity as Executive Director of Regulations and Rulings Office of International Trade, U.S. Customs and Border Protection,<br><br>*Defendants*. | Case No.: 1:25-cv-02749-ACR |

## DEFENDANTS' SUPPLEMENTAL BRIEF

Pursuant to the Court's order of August 28, 2025, defendants respectfully submit this supplemental brief to address Masimo's argument that the January and August 2025 rulings by U.S. Customs and Border Protection (CBP) somehow contradict each other. TRO Mem. at 18-22. As we show below, there is no inconsistency between the rulings.

To begin, Masimo's argument reveals its fundamental misreading of the multiple holdings of the January 2025 ruling. The January 2025 ruling held that the watch-plus-phone combination infringes. But, more importantly for this dispute, it also held that the watch ***without*** the phone does ***not*** infringe and therefore is not subject to exclusion from entry when entered without the redesigned phone. The August 2025 ruling simply applied these holdings from the January 2025 ruling, a "prospective transaction" ruling, to an actual importation that considered the articles in their condition as imported. *See Ford Motor Co. v. United States*, 926 F.3d 741,

752 (Fed. Cir. 2019) ("[T]he classification of articles imported *must be ascertained by an examination of the imported article itself, in the condition in which it is imported*.") (quoting *United States v. Citroen*, 223 U.S. 407, 414-15 (1912)) (emphasis added).

Masimo contends that CBP's "August 2025 Ruling surreptitiously reverses CBP's prior January 2025 Ruling determining that Apple's watches warrant exclusion because they infringe Masimo's patents in Apple's proposed watch-plus-phone combination." TRO Mem. at 18. Not so. In its January 2025 ruling, CBP specifically considered and adjudicated the watch-plus-phone combination, as well as the redesigned watches alone, and held that "the Redesign 2 Watch, when considered *alone* for purposes of claim 22 of the '502 patent, is not a basis to refuse the article's entry pursuant to the 1276 LEO." HQ H338254 (Jan. 7, 2025) at 35 (emphasis in original).

CBP's August 2025 ruling applied that conclusion to permit the entry of five smartwatches, which the January 2025 ruling had already determined to be non-infringing and therefore not in violation of the Commission's exclusion order. HQ H351038 (Aug. 1, 2025) at 16, 21. Thus, contrary to Masimo's allegations, there is no "unexplained inconsistency" to be found between CBP's rulings. TRO Mem. at 18. The decisions do not contradict each other as to the watch-plus-phone combination analysis because the August 2025 ruling considered only the watch by itself, which is all that was contained in the shipment in question.

Moreover, the iPhone, redesigned or not, was never part of the Commission's underlying investigation. The Commission's investigation considered solely whether Apple's original smartwatches infringed Masimo's patent rights. The Commission found that the original smartwatches did infringe Masimo's patent rights because they detected, calculated, and reported the wearer's blood oxygen levels—all on the smartwatch. Apple's redesigned smartwatch is no

longer capable of performing each of these steps and therefore, imported alone, does not violate the Commission's exclusion order. A person using the redesigned smartwatch without a paired redesigned iPhone cannot see their blood oxygen level.

CBP enforces the Commission's exclusion orders on a shipment-by-shipment basis, looking at the merchandise that is actually contained in each shipment. If CBP were to encounter a shipment that contained both the redesigned watches and redesigned iPhones that were the subject of the January 2025 ruling, CBP would refuse their entry because that ruling found that, when imported together, the articles infringe Masimo's patents and violate the limited exclusion order.

No one disputes that the redesigned iPhone, by itself, does not infringe Masimo's patents or violate the limited exclusion order. So, a shipment that contained only the redesigned smartwatches would no more contravene CBP's January 2025 ruling than would a shipment that only contained redesigned iPhones. CBP's August 2025 ruling recognizes the distinction between shipments containing solely redesigned smartwatches compared with shipments containing both redesigned smartwatches and iPhones.

Following CBP's January 2025 ruling, Masimo was on notice that its theory of infringement as to the redesigned smartwatch, when considered alone, failed. As explained in our memorandum, it was then incumbent on Masimo to seek an ancillary proceeding before the Commission to present its infringement theory with respect to the redesigned smartwatch when considered alone or to raise its wholly new theory that the redesigned smartwatch, when used after importation with a redesigned iPhone, constitutes indirect infringement of Masimo's patents. Masimo declined to pursue these avenues for relief and instead improperly seeks to collaterally attack the Commission's exclusion order in this Court.

Dated: August 29, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Guy Eddon
GUY EDDON
Senior Trial Attorney
EDWARD F. KENNY
MONICA TRIANA
Senior Trial Counsel
LUKE MATHERS
Trial Attorney
U.S. Dept. of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, NY 10278
(212) 264-9230
*Attorneys for Defendants*