IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASIMO CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; ALICE KIPEL, in her official capacity as Executive Director of Regulations and Rulings Office of International Trade, U.S. Customs and Border Protection,<br><br>*Defendants*,<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>*Intervenor-Defendant*. | Case No.: 1:25-cv-02749-ACR |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

As the defendants and the International Trade Commission (Commission) explained in their respective motions to dismiss, a straightforward application of *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), demonstrates that Congress precluded district-court review of challenges to Customs' implementation of the Commission's exclusion orders. Section 337 undisputedly vests the Commission with the authority to enforce and modify its exclusion orders, and the Federal Circuit has exclusive appellate jurisdiction to review the Commission's decisions. And each of the three *Thunder Basin* factors proves that this Court lacks jurisdiction, just as this Court concluded in *Wirtgen America, Inc. v. United States*, 443 F. Supp. 3d 198, 210–14 (D.D.C. 2020), on materially indistinguishable facts.

Masimo's opposition is most notable for what it does not say. It does not respond to the point that section 337 bestows district-court jurisdiction in only two limited circumstances. *See generally* ECF No. 38 (Opp.). Section 337, in other words, "demonstrates that Congress knew how to provide alternative forums for judicial review based on the nature of" the claim at issue. *Elgin v. Dep't of Treas.*, 567 U.S. 1, 13 (2012). "That Congress declined to include an exemption from Federal Circuit review for challenges to" Customs' application of an exclusion order "indicates that Congress intended no such exception." *Id.*

Nor has Masimo responded to the point that its jurisdictional theory, if accepted, could lead to inconsistent rulings concerning the Commission's exclusion orders among the Federal Circuit, district courts, and the regional courts of appeals—despite the Federal Circuit's *exclusive jurisdiction* over section 337 determinations, 28 U.S.C. § 1295(a)(6). *See generally* Opp. For that matter, Masimo fails to cite any example of where a district court has entertained a challenge to a Customs ruling on an exclusion order. There are, of course, plenty of examples where parties in Masimo's position have correctly asked the Commission for relief in response to an adverse Customs ruling. *See, e.g.*, *VastFame Camera Ltd. v. ITC*, 386 F.3d 1108, 1110 (Fed. Cir. 2004) ("After the general exclusion order issued, VastFame obtained a ruling from the U.S. Customs Service … that [its] cameras did not violate the general exclusion order.… Fuji [then] filed a complaint with the Commission requesting enforcement and advisory proceedings to determine whether VastFame … had violated the general exclusion order."). That Masimo cannot identify a single successful Administrative Procedure Act (APA) challenge in district court—despite the Commission issuing exclusion orders, Customs applying them at the border, and importers or patentees, depending on the outcome, disagreeing with the result of those Customs decisions for decades—is telling.

Conversely, the arguments in Masimo's opposition are unpersuasive. First, Masimo suggests that *Wirtgen* somehow *supports* its position, yet, at the same time, is *distinguishable* because the plaintiff there was the importer rather than the patentee. Opp. at 11–15. Both suggestions are wrong. *Wirtgen* held that a party "effectively challenging whether the exclusion order encompasses the redesigned articles" must bring "those claims" to "the [Commission] and the Federal Circuit." 443 F. Supp. 3d at 212–13. That is the case here—Masimo wants Apple's redesigned smartwatches excluded, regardless of the "label[s] affixed to" Masimo's claims. *Scottsdale Capital Advisors Corp. v. FINRA*, 390 F. Supp. 3d 72, 75 (D.D.C. 2019), *aff'd*, 811 F. App'x 667 (D.C. Cir. 2020). The identity of the party that disagrees with a Customs' decision applying an exclusion order has no bearing on the *Thunder Basin* analysis, given that such a party can seek relief before the Commission in the form of an ancillary proceeding. *See Wirtgen*, 443 F. Supp. 3d at 212–13.

Nor did it matter, contrary to what Masimo says, Opp. at 14–15, that the plaintiff in *Wirtgen* could attempt to seek review at the U.S. Court of International Trade (CIT). As *Wirtgen* explains, the CIT does *not* have jurisdiction to review the denial of an administrative protest concerning a section 337 exclusion order (despite the CIT's conclusion otherwise). 443 F. Supp. 3d at 215–16. Such claims must still be brought before the Commission, which is "consistent with Congress's intent that the [Commission] and the Federal Circuit have exclusive jurisdiction to adjudicate challenges to [s]ection 337 determinations." *Id.* at 216.[1]

---

[1] And even if the CIT were right (which it is not) that importers have an additional avenue for relief does not change the *Thunder Basin* analysis. Masimo's claims still fall within section 337, as *Wirtgen* explains. Moreover, the Federal Circuit has *exclusive* appellate jurisdiction over the CIT, 28 U.S.C. § 1295(a)(5), that at least alleviates in some measure the problem of inter-district and inter-circuit disagreements over exclusion orders that Masimo would have this Court create.

Masimo also thinks it was crucial to *Wirtgen*'s holding that Customs consulted with the Commission as to the exclusion order at issue in that case. Opp. at 13, 15 (incorrectly stating that "CBP issued [the ruling at issue in *Wirtgen*] on instructions from the [Commission]"). It was not. *See Wirtgen*, 443 F. Supp. 3d at 207 (recounting the "clarification from the Commission" that Customs obtained but recognizing that it did not direct the exclusion of redesigned articles, which formed no part of the Court's *Thunder Basin* reasoning). But even if it were, Customs did consult with the Commission to obtain clarification with respect to this limited exclusion order, HQ H338254 at 30–33 (Jan. 7, 2025), and that clarification from the Commission directly resulted in Customs' noninfringement finding for the redesigned Apple Watch, when considered alone, and as applied to the "current" import transaction in the August 2025 internal advice ruling. This again demonstrates that Masimo's sole avenue for relief is an ancillary proceeding before the Commission followed by Federal Circuit review.

Masimo then argues that the Commission cannot adjudicate APA and constitutional due-process challenges to Customs' actions, Opp. at 16–19, but that is true in all cases where *Thunder Basin* precludes district-court jurisdiction. It was true in *Wirtgen*, where, as Masimo notes, the plaintiff raised APA and constitutional challenges to actions taken by Customs. 443 F. Supp. 3d at 209. And it was also true in *Scottsdale Capital Advisors*, where the plaintiff tried to bring a breach-of-contract against FINRA in district court instead of bringing an administrative challenge before the Securities and Exchange Commission followed by court-of-appeals review. 390 F. Supp. 3d 72 (D.D.C. 2019), *aff'd*, 811 F. App'x 667 (D.C. Cir. 2020); *accord Scottsdale Capital Advisors Corp. v. FINRA*, 844 F.3d 414 (4th Cir. 2016). Moreover, Masimo's APA claims are not ancillary to its desire to exclude Apple's redesigned smartwatches—they encompass precisely the relief that Masimo seeks here.

4

In none of these cases can the agency entertain the precise cause of action that a district court could entertain (even though it can consider essentially the same arguments that the challenger might make about the correctness of the underlying administrative decision). But the court of appeals tasked with reviewing the agency's decisions can. *Elgin*, 567 U.S. at 17. And the agency's inability to hear a particular cause of action does not make it "*wholly* collateral." *Wirtgen*, 443 F. Supp. 3d at 213 (quotation omitted) (emphasis added). Simply framing one's claim as an APA challenge, like framing a claim as a breach-of-contract dispute, "is an impermissible attempt to short-circuit the detailed statutory scheme of administrative and judicial review …." *Scottsdale Capital Advisors Corp. v. FINRA*, 811 F. App'x 667, 668 (D.C. Cir. 2020). Accepting Masimo's argument "would render that scheme largely superfluous and make nearly any disputed" action involving the application of an exclusion order "subject to challenge in district court." *Id.*; *see also Am. Fed'n of Gov't Emps. v. Sec'y of Air Force*, 716 F.3d 633, 635–38 (D.C. Cir. 2013). It is especially unlikely that Congress intended such a result given that it has mandated district courts stay actions over which they *do* have jurisdiction in favor of Commission proceedings. 28 U.S.C. § 1659(a).

To put the same point another way, "it is the comprehensiveness of the statutory scheme involved, not the 'adequacy' of specific remedies thereunder, that counsels judicial abstention." *Spagnola v. Mathis,* 859 F.2d 223, 227 (D.C. Cir. 1988) (en banc) (per curiam). It thus does not matter that the Commission cannot give Masimo immediate injunctive relief (to which Masimo, which presents no evidence of any non-monetary harms, would not be entitled in any event). Opp. at 17–23. That Customs' ruling is not subject to immediate district-court review simply means that Masimo must go to the Commission (and the Federal Circuit, if necessary) to obtain a decision, which would then bind Customs and in the process resolve

Masimo's substantive and procedural objections—like all non-structural challenges to agency adjudications subject to further administrative and judicial proceedings. *See Elgin*, 567 U.S. at 23 (explaining that an agency determination may "avoid the need to reach [a challenger's] constitutional claims"); *Am. Fed'n of Gov't Emps.*, 716 F.3d at 638 (a statute "can preclude a claim from being brought in a district court even if it forecloses the claim from administrative review and has not identified some other kind of plaintiff or some other kind of procedure for bringing the claim") (quotation omitted); *cf. Axon Enter., Inc. v. FTC*, 598 U.S. 175, 189 (2023) ("The challenges here … are not to any specific substantive decision …. Nor are they to the commonplace procedures agencies use to make such a decision. They are instead challenges … to the structure or very existence of an agency[.]"). CBP's sole authority here is enforcement of the Commission's limited exclusion order and it will enforce the result, whatever it may be, of Masimo's upcoming requested ancillary proceeding to have the Commission evaluate Apple's redesigned smartwatch. 19 C.F.R. § 12.39.

In short, Masimo can make all the same admissibility arguments it seeks to raise here about Customs' ruling when arguing to the Commission (and, if necessary, the Federal Circuit) that the Commission's limited exclusion order should cover the redesigned smartwatches. *Wirtgen*, 443 F. Supp. 3d at 213 ("Should the Commission—or the Federal Circuit on appeal—side with Wirtgen, Wirtgen would obtain the same relief that it seeks in this Court.") (quotation omitted). It even remains free to seek reconsideration of the August 2025 ruling directly from Customs. 19 C.F.R. § 177.12(b). But it cannot circumvent Congress' prescribed path for its challenges—proceeding first to the Commission, then to the Federal Circuit.

For these reasons, the Court should dismiss this action for lack of subject-matter jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Guy Eddon
GUY EDDON
Senior Trial Attorney
EDWARD F. KENNY
MONICA TRIANA
Senior Trial Counsel
LUKE MATHERS
Trial Attorney
U.S. Dept. of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, NY 10278
(212) 264-9230
*Attorneys for Defendants*

Dated: September 4, 2025

7