UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| MASIMO CORPORATION,<br>               Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; *et al*.<br>               Defendants. | Case No.: 1:25-cv-2749 |

**PLAINTIFF'S NOTICE OF APPLE'S RESPONSE IN INTERNATIONAL TRADE COMMISSION PROCEEDING**

Plaintiff Masimo Corporation respectfully notifies the Court that it has confirmed receipt by Apple of this Court's Minute Order of September 16, 2025.

In addition, for purposes of the upcoming status conference, Masimo alerts the Court to Apple's response (the "Response") to Masimo's Request For Clarification, Or In The Alternative, Petition For Modification And Request For Expedited Treatment of the remedial orders issued in Certain Light-Based Physiological Measurement Devices and Components Thereof, Inv. No. 337-TA-1276.  *See* Ex. 1.  Apple filed its Response with the International Trade Commission ("Commission") on September 15, 2025, consistent with the Commission's scheduling letter.  *See* ECF 46, 46-1.  The entire Response is attached, with the portions designated confidential business information redacted.  *See* Ex. 1.  Especially pertinent for this Court, however, are specific contentions that Apple now advances to the Commission.

Specifically, Apple now argues that the Commission lacks jurisdiction to adjudicate Masimo's request.  As Apple now sees things, "[t]he Commission cannot rule on Masimo's request for modification because it implicates issues presently under the Federal Circuit's jurisdiction." *Id.* at 9.  The issue implicating the Federal Circuit appeal, according to Apple, is whether the term

"user-worn" is properly construed to mean "wearable," *id.* at 10–11, which was a central issue Customs and Border Protection ("CBP") decided against Apple in the January 2025 Ruling, *see* ECF 26-1 at 25–26, 46–51. Apple therefore asserts that "[t]he proper course of action is for the Commission to defer ruling on Masimo's petition until after the Federal Circuit has issued its opinion and resulting mandate." Ex. 1 at 12.[1] Apple also contends that, despite this Court's admonition to move quickly, and the Commission's decision to heed that guidance, "no good and sufficient reason exists to expedite" the Commission's proceedings. *Id.* at 23–24.

Before the Court, however, Apple's counsel said something quite different. At the hearing, Apple stated that ,"[i]f there is a dispute over the exclusion order, [Masimo can] take it to the ITC." Sept. 2 Hearing Tr. 119:18–19; *id.* at 118:24–119:3 ("If they wanted to allege a violation of the existing exclusion order, they can also bring an enforcement proceeding. There are civil fines. There are various enforcement mechanisms for ensuring that parties are carefully abiding by [the exclusion order]."). Likewise, Apple argued that Masimo had no need to participate in the *ex parte* proceeding that effectively reconsidered CBP's January ruling because "[t]here could still be a substantive proceeding, at which point Masimo would have the opportunity to make the arguments." *Id.* at 42:18–20.

Apple submitted to this Court that, if the units at issue had been seized, as all expected, Masimo could participate in Apple's appeal to the Court of International Trade or, if they were permitted to enter as occurred, Masimo could seek "an enforcement *or modification proceeding* in

---

[1] Apple's position that the *Commission* lacks jurisdiction to assess the scope of its *own* order is especially curious considering the position Apple took with *CBP* when Apple asked CBP to assess the scope of the ITC's order in seeking (unsuccessfully) clearance to import the Redesigned 2 Watch. *See* ECF 38-2 (March 26 177 Ruling Request) at 3 ("[T]his request makes clear that Apple's Redesign 2 Watch is outside the scope of the 1276 LEO and cannot infringe any of the patents-at-issue under the Commission's and Complainants' interpretation of the relevant claim terms.").

the International Trade Commission." *Id.* at 42:22–43:3 (emphasis added). Now, however, Apple is telling the ITC that Masimo cannot "take it to the ITC" because the Commission allegedly lacks jurisdiction. Ex. 1 at 9–16.

At the close of the September 2 hearing, the Court suggested Masimo file a Section 337(k) petition, which Masimo has done, and recommended the Commission move quickly, which it has done. Tr. 130:19–24. The Court also addressed Apple, stating "Apple is going to play nice, and they're going to move quickly as well. The ITC is going to get Apple to play nice and move quickly." *Id.* at 130:25–131:2. The Court then confirmed everyone agreed on the plan moving forward, and asked "Anything else by anyone?" *Id.* at 131:25–132:24. In response, Apple said nothing.

With this notice, Masimo respectfully seeks to keep the Court apprised of parallel developments and, in particular, how Apple is comporting itself before the Commission.

Dated: September 18, 2025              QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


   /s/ *Derek L. Shaffer*
Derek L. Shaffer (Bar No. 478775)
1300 I Street NW, Suite 900
Washington, DC 20005
Tel.: (202) 538-8000
Fax: (202) 538-8100
derekshaffer@quinnemanuel.com

Michael E. Swartz (*pro hac vice*)
Matthew A. Traupman (*pro hac vice*)
Samuel P. Nitze (*pro hac vice*)
295 5th Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000
Fax: (212) 849-7100
michaelswartz@quinnemanuel.com
matthewtraupman@quinnemanuel.com
samuelnitze@quinnemanuel.com

Steven C. Cherny (*pro hac vice*)
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200
stevencherny@quinnemanuel.com

*Counsel to Masimo Corporation*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 18th day of September, 2025, I will cause to be served a true and correct copy of this document on all parties of record via CM/ECF.

Dated: September 18, 2025

                                           */s/ Derek L. Shaffer*
                                           Derek L. Shaffer (Bar No. 478775)